# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WILSON DIVISION

IN RE:

**JULIE B. PERRY**

        Debtor.               Case No.: 04-08454-8-JRL

**JULIE B. PERRY**

        Plaintiff,

vs.                           Adversary Proceeding No.:
                                 05-00099-8-AP

**SALLIE MAE, INC., ET AL.,**

        Defendants.

_____

## ORDER

The matter before the court is the plaintiff's complaint to determine whether she is entitled to a discharge of her student loan debt. On January 12, 2006, the court conducted a trial in Wilson, North Carolina. Pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, this Order contains findings of fact and conclusions of law based thereon.

## FINDINGS OF FACT

1. The plaintiff is a married, 33 year-old female who resides outside of Nashville, Tennessee with her husband and minor child.

2. Neither the plaintiff nor her family suffer from any health problems.

3. The plaintiff obtained two student loans that allowed her to attend college at David

        Lipscomb University and graduate school at Vanderbilt University School of Nursing, where she obtained her master's degree.

4. The plaintiff is also a registered nurse.

5. ECMC is the current owner and holder of the plaintiff's student loans (the "ECMC loans").

6. The plaintiff currently works as a nurse for American Mobile Healthcare for thirty six hours per week at $26 per hour plus a monthly housing allowance of up to $1,100.

7. Her monthly net income is $3800 and her monthly expenses are less than $3000.

8. Her current rent is $925 per month and is covered by her housing allowance.

9. The plaintiff's husband is currently enrolled in David Lipscomb University to obtain his teaching degree and will be a full-time student for eighteen months; therefore, the plaintiff is currently the only means of financial support for her family.

10. The plaintiff's child is cared for by her father when the plaintiff is working so the family does not incur child care expenses.

11. The balance on the ECMC loans as of January 10, 2005 is $133,635.83.

12. The monthly payment on the ECMC loans is $787.68.

13. ECMC is a private, non-profit corporation created to provide financial assistance to and for the benefit of students enrolled for higher education and is a guaranty agency under 34 C.F.R. § 682.200.

14. The ECMC loans are the type of loans contemplated by 11 U.S.C. § 523(a)(8).

## ANALYSIS

Under 11 U.S.C. § 523(a)(8), a discharge under § 727 does not discharge an individual debtor from a debt "for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution." The only exception is if "such debt will impose an undue hardship on the debtor and the debtor's dependents." See 11 U.S.C. §523(a)(8) (2005). The Fourth Circuit has expressly adopted the Brunner test as the standard that "should guide the undue hardship analysis."[1] See Educ. Credit Mgmt. Corp. v. Frushour (In re Frushour), Case No. 04-2553, 2005 U.S. App. LEXIS 29018 at *13-14 (4th Cir. December 30, 2005).

Under this test, in order to prove an undue hardship, the debtor has the burden of proving three factors by a preponderance of the evidence. The factors are: "(1) that the debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans." In re Frushour, 2005 U.S. App. LEXIS 29018 at *14.

The first factor requires a "case-by-case approach to determine whether certain expenses are or are not essential for maintaining a minimal standard of living."[2] Id. at *15. The court must evaluate whether the debtor has maximized her income and minimized her expenses. See Perkins v. Pennsylvania Higher

---

[1] The Fourth Circuit had previously applied the Brunner factors in the Chapter 13 context but in In re Frushour, the Court applied the Brunner test in a Chapter 7 case. See 2005 U.S. App. LEXIS 29018 at *13.

[2] A debtor that has cable or Internet connections does not automatically fail this test as the transmission of information may be vital to a minimal standard of living. See id.

Educ. Assistance Agency (In re Perkins), 318 B.R. 300, 305 (Bankr. M.D.N.C. 2004).

In this case, the court finds that the debtor's net income of $3800 exceeds her monthly expenses of less than $3000. The plaintiff contends that in the future, her income may be reduced and her expenses may increase as a result of divorce or unemployment. The court finds, however, that the first factor of the Brunner test is "based on current income and expenses." Brunner v. New York State Higher Educ. Serv. Corp., 831 F.2d 395, 396 (2d Cir. 1987). As such, the debtor does not meet the first factor as she is currently able to make monthly payments on her ECMC loans and maintain a minimal standard of living for her family. Additionally, if the debtor consolidates her loans under the William D. Ford Federal Direct Loan Program, her monthly loan payments will be lower and afford her a better standard of living.

As to the second factor, it is "a demanding requirement" that necessitates a "certainty of hopelessness" that the debtor will not be able to repay her loans. In re Frushour, 2005 U.S. App. LEXIS 29018 at *16. A debtor might meet this factor if she can show "illness, disability, a lack of useable job skills, or the existence of a large number of dependents." Id. The court finds that the debtor in this case is a healthy young woman who graduated from one of the top universities in the country, with a degree in a field with many employment opportunities, and is working at the top of her profession. In less than two years, she will no longer be the sole wage earner in the family and it will not require much contribution from her husband's salary to make payments to ECMC. There is no certainty of hopelessness in this case, but rather, evidence showing that the debtor and her family will achieve more financial success in the near future.[3]

---

[3] As the plaintiff did not meet the first and second factors of the Brunner test, the court does not need to reach the third factor.

## CONCLUSION

Based on a preponderance of the evidence, the plaintiff has not met her burden of showing undue hardship pursuant to 11 U.S.C. §523(a)(8). The ECMC loans remain nondischargeable. A judgment shall be entered accordingly.

**So Ordered.**

**Dated: January 24, 2006**

J. Rich Leonard
United States Bankruptcy Judge